Leeds, versus the City of Leeds. Mr. Lawley. Yes, sir. I'm Cameron Lawley. This is my partner, Kelly May. We're here on behalf of the appellants, the City of Leeds, and the individual officers. We represent the court that this is the prototypical scenario in which the doctrine of qualified suit against law enforcement officers. In this case, City of Leeds police officers were dispatched to an apartment complex where it was reported by neighbors that a child was being held hostage at gunpoint. While they were en route, they were informed that gunfire had been exchanged at the scene. The plaintiff, Mr. Hunter, was a suspect, that he was armed and he was sitting in a Monte Carlo in front of the apartment complex. As they arrive on the scene, the officers are coming from different directions and Officer Kirk comes in the street and is perpendicular to the plaintiff where he's in his car. It's undisputed that he gives commands for plaintiff to raise his hands. Plaintiff claims that he did not hear those commands, but the evidence is undisputed that the commands were made and that the plaintiff did not acknowledge them, which under this scenario, we're viewing it from the perspective of the officer. He doesn't know that Mr. Hunter is claiming that he can't hear them. He's yelling and he's not getting any response. How much of the factual recitation here, I want to make sure that you're retelling the facts in the light most favorable to your opponent given the procedural posture, but how many of the facts all the way up until the very end, whether he pointed the gun or didn't point the gun, matter? Isn't that sort of the dispositive fact? He either pointed the gun at them, which is sort of really good for you, or he didn't point the gun at them, which is really good for your opponent. Under the arguable probable cause analysis as the Supreme Court has recently addressed in District of Columbia v. Wesby, I think that the officers, what a reasonable officer would objectively perceive that probable cause existed to use deadly force, we have to look at the totality of the circumstances, which start with, you know, even the ground factors, the violent nature of the crime, and here we're talking about a child being held hostage at gunpoint is what was reported to the 911 calls, and that there was an exchange of gunfire. So I think we're looking at what is knowable and known by Officer Kirk, essentially, and I think that's why, that's why that when we get to the point where they get to the plaintiff's house, he admits he sees the officers in his rearview mirror as he's pulling in. He doesn't stop there at the driveway or in the driveway. He pulls on around the house and pulls in a carport. Then he starts to, instead of getting out of the driver's door, he scoots across the passenger door that's closest to the entryway to that residence, and he, and Officer Kirk, who is, again, it's undisputed that he's, again, giving commands, show your hand, you know, show his hands, and the plaintiff even admits that when he opened the door, and as he opened the door, coming out of the car with a pistol in his hand, he heard Officer Kirk yell, drop the gun, drop the gun, and at that point is when Officer Kirk discharged his weapon. The facts leading up to that, I think, are important and relevant under the totality of the circumstance analysis as to whether or not arbitral probable cause existed. Well, the law is clear that an officer cannot use excessive force against an unarmed man, right? You concede that, right? An unarmed man. Right. I mean, if he was unarmed, you shouldn't be able to... He knew he was unarmed and did not pose a threat, yes. Okay. And isn't it a disputed fact of whether he was pointing the gun or not? I mean, he claims he was not pointing the gun. Your Honor, yes, he does, but one issue, I think, is whether or not Officer Kirk could have reasonably perceived he was pointing the gun. There's no question he came out of...his arm exited the vehicle with a gun in his hand. It's also undisputed in plain... I thought that was disputed. He says he never pointed the gun. He says he never pointed his gun at anybody, but we're talking about subject of gloss to the object of actions happening in a split second. Whether or not he intentionally pointed his gun at anybody, as in aiming it, the gun would have had to have moved in Officer Kirk's direction for the point that he shot his stomach, which is what Officer Kirk said. But I understand there were two separate shooting incidents, right? He came out, the officer shot, and then he went back into his car, and then they said, throw out the gun, and he says he threw out the gun, and he starts exiting the second time from the passenger, and now he's shot again, right? Isn't that what he... In that direction, I don't think he says that he threw out the gun. I could be wrong about that, Your Honor, because it's different in the complaint, and it's varied, but he said he attempted to get out of the car a second time and was again shot, but the evidence is... The pistol was found in the vehicle at the conclusion of the events. But I mean, doesn't all this mean there's some contested facts that have to be resolved here? Well, Your Honor, I'll say that as a matter of law, there cannot be a question of fact as to whether Mr. Hunter pointed his pistol at Officer Kirk. All right, so explain that to us. Yeah, why is that? Okay. As a result of this incident, the plaintiff was indicted by the Jefferson County Grand Jury under... Attempted murder. The Grand Jury indicted for attempted murder, but the most important part of that is the conduct that's charged in the indictment. It was attempted murder by pointing a pistol at Peace Officer Robert Kirk. So it identifies the conduct and the victim of the conduct. Officer Kirk is the... The evidence is undisputed. There is no evidence that anybody other than Officer Kirk used any force. So even if we grant you that the indictments... The lone fact charged in the indictment is that he pointed the gun. Whether you pled down or he pled down from attempted murder to menacing, whatever, that fact remains in the indictment. Even if we grant you that, are we sure that that fact gets still sort of hung around his neck now? Absolutely. And by virtue of what doctrine are we hanging it around his neck? I think this is close. I mean, I think we've got collateral estoppel in the mix. We've got judicial estoppel in the mix. Maybe we've gotten in the mix some sort of etherish kind of principle that you can't contradict yourself to create a dispute of fact. But which one are you kind of riding? Well, we're riding to begin with Alabama's substantive law that under Section 15-8-25 of the Terms and Conditions that an indictment must state the facts constituting the offense. So starting from that premise, then we look at the Alabama Rules of Criminal Procedure 14.4b and then 13.2 and 13.5, which combine to say that a judge cannot accept a guilty plea without determining there's a factual basis for it. Yeah, so I guess I'm willing to grant you all this stuff for the purposes of my question. But it also says the factual basis cannot be anything other than what is charged in the indictment. Right. So any lesser included offense, you cannot amend the indictment unless it's a lesser included offense. And that means it has to be based on the same facts. The state court did not have jurisdiction to accept the plea based on conduct, any other conduct except for pointing a pistol at Officer Kirk. Right. Go ahead, Judge Gilman. Was there any plea colloquy here, though, where he said he did or didn't point the gun? I recall there wasn't no real detailed plea colloquy. It's not in the criminal record that we were able to obtain. The judge says that she discussed the events with the plaintiff. It's in the order. Discussed it with the plaintiff and was satisfied that there was a factual basis and that he understood the plea and its legal consequences. So here is what I'm kind of getting at. I want to say in response to all of the stuff about Alabama law and guilty pleas kind of granted, granted, granted, granted. And now that was a criminal prosecution or the beginnings of a criminal prosecution. Now we're in a civil lawsuit against a different set of defendants. Right. You've got the state and now you've got the city police officers. And so is it true that that fact remains sort of established? And if so, why? Well, one, there's case law from the United States Supreme Court of Alabama and this court. It's a judicial admission and that going back to at least the Strother case on the former Fifth Circuit in 1972, they said you're bound by that. When you, a plea of guilty is a . . . This is like a lesser colluded offense. Yes. Based on the same facts. It's conceivable that they could, that he and the state could have abandoned the indictment and he could have pled to an information charging something else. But that didn't occur in this case. He pled to that indictment as a lesser colluded offense. But the fact of the thing is that he pointed . . . The question I have is, assume for sake of discussion, that for purposes of qualified immunity, it is accepted that he pointed a gun at the officer. Then the question remains, given his version of the number of times he was shot at, whether or not that was beyond . . . You follow me? He could still be found guilty of pointing the gun at the officer. And the question then remains whether or not, for purposes of tort liability, that necessarily eliminated the possibility that the shooting was beyond, let's say, the criminal case. I think that in the John Baptiste case, but I'm not going to go 100 percent on that, that an officer is entitled to continue to shoot until the suspect is controlled. In this case, Officer Kirk, the fact that he was pulling the trigger because he was scared for himself and for his other officers, the plaintiff re-pulled back on the car and then came back out and he pulled the trigger again. But it was not until he went back in the car . . . At that point, he was contained. That's when he had to quit pulling the trigger. I don't think there's any clearly established precedent that says any certain number of shots . . . We don't believe he hit him every time. We don't know that. Well, he fired 12 times, didn't he? Ten times. Ten times. What's another shot or two and you got to ten already? Which I think . . . But I think the fact that he fired so many times indicates the exigencies of the moment, at least his subjective fear, which we say is objectively reasonable fear for his safety and the safety of the other officers. But he stopped shooting the first time when the plaintiff went back in the car. He only shot again when the plaintiff re-emerged from the car. And when he recalled back to the car, he stopped shooting in total. So, however many . . . I don't think finger speed is the measure by which a Fourth Amendment violation exists or doesn't exist. I think, you know, he's entitled to continue to shoot until the suspect is controlled and he did that. Your Honor, we also think that, you know, that aspect kind of relates . . . that relates to the constitutional violation prong of plaintiff's burden under the . . . Well, his guilty plea eliminated all that, did it not? We believe so, Your Honor, and that's our position. But also, we think that the trial court erred in denying qualified immunity for the independent ground of the clear . . . of its analysis of the clearly established prong of the Qualified Immunity Standard, in that plaintiff did nothing to satisfy the burden to show any one-point precedent, which squarely applies to this fact scenario, which I think under the White v. Pauley case and the recent case of the Casella v. Hughes . . . So, this is not a . . . under these type of circumstances and facts, in a Fourth Amendment circumstance, it's not a obvious violation scenario. These are very fact-specific cases and have to be on their own facts in which the Supreme Court has indicated requires . . . While the case doesn't have to be mirror image, it has . . . you need a factually similar case where an officer has been held to violate the Fourth Amendment. So, this is why I guess I want to go back to the guilty plea and why it matters so much to me that the fact either is or isn't established. Because, if you take out the establishment of the fact that he pointed the gun, then . . . and then you take all the facts that he's pled, then, I mean, this does begin to look like an obvious clarity case to me. So, I mean, are you saying this is not obvious clarity even if he never pointed the gun? They can just unload on him. Well, I don't want to get involved in semantics, but pointing the gun, there's no dispute that his arm came out of the vehicle with a gun in his hand and it turned in a direction toward the officer. Whether he was eyeing down the sights and pointing it at him, you know, it's not something that an officer can perceive in a split second. But, so saying he never pointed the gun, I think it's slicing the cheese a little too thin. I think the question is when you start from a call from a hostage situation, gunfire, ignoring commands, getting out of the . . . sliding over the car, again ignoring commands, trying to exit through the passenger door that's closest to the house, and when he comes . . . as he's coming out of the vehicle, his arm swings out with a gun in his hand. I wonder if I . . . I'd like to hear from your opposing counsel as to whether that's a fact in the record or not, but I see you're way over time anyway. Good morning, Your Honor. May it please the Court, my name is Charles Towns and I'm the representative of the appellee in this case, Mr. Hunter. Your Honor, let me start by saying there are tremendous disputed issues of fact in this case that the district court clearly pointed out in her opinion . . . and said that this is not a case that some judgment is appropriate. Is one of those disputed facts whether he pointed the gun or is that established by the guilty plea? That's absolutely a disputed fact, Your Honor. Number one, as far as the guilty plea is concerned, this is a plea to a misdemeanor. But it's a lesser included offense because there was not a separate charge, so he's still pleading to the facts in the indictment. Lesser included, but the facts in the indictment, I speak for myself, weren't changed. Your Honor, the facts in this case, my client pleaded as a best interest plea, first of all, to the fact that it was conceivable, as the law requires, that there were some facts where he could have been charged with menacing. Did that go to intent or some such thing, intent to murder the officer? No. As far as I'm concerned, he pled to the facts in this indictment. There was not a separate charge made where you eliminate that and he pleads to . . . Sometimes in these criminal cases, there's an indictment and they get together and plead to something else and there's a direct information, not a grand jury indictment, a direct information filed by the prosecutor charging something else. That didn't occur in this case, as I understand it. No, Your Honor. What occurred in this case is he came on for a guilty plea on this indictment, but to a lesser charged offense still involving the pointing of the gun. Theoretically, yes, Your Honor. But there's no evidence in the record that says the person that he allegedly pointed a gun at . . . I agree, Your Honor. Okay. But what we have is we have an inappropriate guilty plea acceptance by the court. Yes, sir. Okay. I understand your point. And it is also, in the case law, it also states that where there is . . . the conviction. No, Your Honor. On the ground that the judge had an inadequate factual basis for the plea. No, Your Honor, because as he . . . Well, I think he stuck with the guilty plea. Nothing wrong with the guilty plea. It was to an indictment that charges fact that he pointed the gun. But the problem is the inference that a gun was pointed at Officer Kirk. Yeah. The case . . . Well, hold on, hold on, hold on, hold on. I thought the indictment read . . . the sole fact alleged in the indictment was that he pointed a pistol at Peace Officer Robert Kirk. No? I believe that's what the indictment said, Your Honor. Well, I mean, then to Judge Choflat's point, you're either stuck with that fact or you're not. I mean, but if you didn't collaterally attack the plea in the criminal proceeding in Alabama, then I, too, think you're stuck with the plea. Now, I think there might be some subsequent question as to whether or not that plea still governs in this civil lawsuit. We can talk about that. But I do think you're stuck with the plea and the fact. Well, my argument would be, Your Honor, that based on the evidence that was presented, both in the documents in this case, the affidavit of Mr. Hunter saying he did not point the weapon at Mr. Kirk. There's also an affidavit, not an affidavit, but an interview with the son-in-law who said that early in the day, the appellant, excuse me, Mr. Hunter, actually presented and pointed a gun at him. So there's a reasonable inference here that Mr. Hunter's plea was in regard to that situation, not the situation involving Officer Kirk. Again, there was no colloquy. There was no agreement that he was pleading to point a gun at Mr. Kirk. He pled to an open misdemeanor plea of menacing, which was in his best interest. Mr. Hunter had been in jail for two years. But pursuant to an indictment that alleges that he pointed a pistol at Peace Officer Robert Kirk. And so I'm trying to figure out, you know, you just mentioned a second ago, okay, that's what the indictment says. But he's got a declaration where he says, I didn't point the pistol at Officer Kirk. And so in this lawsuit, my question is, can he do that? Yes, Your Honor. Explain to me why he can do that and why for what I thought your opponent would have said is, no, no, no. Can't do that because, for instance, he's collaterally stopped from doing that. Or there is judicial estoppel. He mentioned something about judicial admission. So there are all these kind of doctrines kind of banging around about why it is that the fact established, let's say, in the plea agreement remains established. How is it that it remains established or doesn't in your estimation? Because of the, I don't have the case in front of me. I think it might be Switzer, that talks about the civil lawsuit is not attempting to attack the judicial decision at the trial court level, at the criminal decision itself. This is entirely separate. And it's not dependent upon the plea in order to be able to move forward. And so why, though, it sounds like you're sort of talking collateral estoppel language. Why aren't, why in Alabama's got this mutuality requirement that the parties have to be the same, but there's a privity gloss. Why wouldn't the state of Alabama and these local officers be in privity with one another for purposes of collateral estoppel? So that, you know, you're stuck with the guilty plea, even in this separate civil lawsuit. Right. And the guilty plea is not evidence of sufficient measure to negate the use of excessive force here. There's those two different subject matters. Excessive force in itself is the the either the intentional, the malicious, negligent use of force far beyond what was necessary to effect an arrest in the situation that we have here. We just heard testimony about an individual with known hostages who was known to be a felon and known to have a weapon. Yet this individual, I'm just I'm not saying I have direct knowledge of every fact in that case. But it was never said that this individual was shot at all and being apprehended before standoff. So it is inherently unreasonable to say that based on 9-1-1 calls along, which were never substantiated, the evidence is clear. My client never fired his gun, either at the original crime scene or at his home, which was less than a mile away. These officers knew that Reprendent Hunter was a member of the community. He was a minister, had no formal history, and had a customs union. They knew or should have known that. So it sounds like to me there are sort of two ways that you think you can win this case. One is because you're actually not stuck with the fact that he pointed the pistol at Officer Kirk, factually. And second, legally, even if he did, this is Judge Choflat's question to your opponent, even if he did, this was excessive force nonetheless. Absolutely. So which I guess sort of path are you principally taking? Well, we think the plea, first of all, was not sufficient to solidify in the evidence that my client actually pointed his gun at the Officer Kirk. Number two, they have consistently made the argument that there was only one shooter out there that day as far as the police were concerned. That's the lie about evidence. Not only did Officer Kirk fire ten times with a pause in between those ten shots, there's also two bullet fragments recovered at the scene in the evidence that showed that another officer was shooting from a different direction because it was in the direction of Officer Kirk where he was stationed. So there's voluminous amounts of disputed fact in this case that discovery, reasonable discovery, will, I think, completely show that there's no credibility in the testimony of several of the officers on the scene that day and that there were several people shooting at my client and this amount of force was clearly excessive. One round, according to my client's affidavit, even struck him in the back. Officer Kirk couldn't have made that shot because he was facing it. So you say even if you're stuck in the fact alleged in the indictment, even if he pointed the gun, nonetheless excessive force. Absolutely. Are you familiar with the 1994 decision by the U.S. Supreme Court in Heck v. Humphrey? Yes, sir. All right. Now, Heck basically seems to say that, you know, in a civil case you can't contradict what, you know, if you're trying to say that what happened in your criminal case wasn't really the fact. I mean, is Heck v. Humphrey applicable here or not? No, it's not. First of all, in Heck v. Humphrey there is an assertion that there can be equally conceivable facts involved in a criminal case that makes the criminal conviction valid. But it don't have to be the facts as alleged by the defendants. They can just show the facts and that's it. So your point is that you could be guilty, your guy could be guilty of menacing and nonetheless have been a victim of excessive force. You're not sort of collaterally attacking the conviction for menacing. Could have been a menace, still got excessively forced. Yes. Yeah, got it. And the actual alleged victim of the menacing was, if there's no proof in the record, other than the conclusive allegations of the police department, that the menacing victim was Officer Kirk. Well, except for what's in the indictment. Right. Right. And if my client is going to be held to the facts of the indictment, then it was an illegal plea in the first place. It should be set aside anyhow. Well, but it hadn't been set aside. That's the problem. That's the problem. Heck v. Humphrey assumes that the conviction has not been set aside. Correct. That's the one thing we cannot do is set aside that indictment. Correct. As far as I'm concerned, you have a very narrow argument. Your client pled guilty to pointing the gun at the officer. That was not. Just a minute. The court accepted those facts. That's what the indictment. He didn't plead to something else on another set of facts. There was not a direct information filed, and the indictment dismissed. Do you follow me? Yes, I do. They didn't dismiss the indictment and charge him in another document. He pled to the indictment. It was a lesser-included offense, but the fact was he pointed the gun. Your only argument, as I see it, is he is guilty of the crime. He did point the gun at the officer, but the officer overreacted, and he's liable for excessive force or whatever. I think that's the only. The question is whether or not heck v. Humphrey takes that out of the picture, too. That is an unusual question. I haven't seen one of these kind of cases like that. I'm helping you. I'm throwing you a softball. Thank you very much, John. Yeah. So Judge Toflatin, I think, in part is saying your heck problem might be worse if your claim was not for excessive force but, let's say, for false arrest, right? Because at that point, there's no way he can be guilty of menacing and have been falsely arrested for menacing or maliciously prosecuted for menacing. But is it possible, theoretically, that he could be a menace and nonetheless be a victim of excessive force? Absolutely. The courts have said something as simple as a punch in the stomach. Once an individual is under control, it's excessive force. In this case, even if you believe, which we denied, that my client pointed his gun at this officer the first time, got shot several times, and then inexplicably sits back up, wounded, murdered, and points his gun at that same officer again, only to be shot multiple times again, it's absolutely crazy. All right. So I've got kind of a stink bomb question that I guess is for both of you that I don't really know if either of you has thought about. We've been talking about Heck v. Humphrey. Do we have immediate appellate jurisdiction over the Heck issue? These things that come up to us on denials of summary judgment, we have immediate appellate authority over the qualified immunity piece of it, but only other aspects of the case if they're deemed inextricably intertwined. And maybe this is more a question to your opponent than it is for you, since he's the appellant. Like what's properly before us and is head properly before us? I think it's actually kind of confusing, frankly. Basically, I think it's the Johnson case that talks about the fact that in interlocutory appeals where the only issue is judicial immunity, it's not proper at this point in litigation anyway. Once that issue is decided by the lower court, there are specific categories. Wait, wait. We understand. We're just reviewing qualified immunity. Yes. All right. I think we have your case. Thank you very much. Mr. Lawley? Yes, sir. If I could respond to that. We did not, on appeal, we're not raising. We raised, heck, collateral estoppel and judicial estoppel. We didn't raise them as independent grounds. We raised them as grounds showing that as a matter of fact. Hectory Humphrey is in the case whether you raise it or not. Yes, yes. Your Honor. The only question I have, and I've never seen a case like it, he cannot challenge that he pled to point the gun at Officer Kirk. That was a legal plea, has not been disturbed. So the question is whether or not, notwithstanding that he committed a crime, whether Kirk or other officers could have used excessive force unrelated beyond what was required to arrest him. That's the question. That would not be a defense to the guilty plea. Do you realize that? Yes, Your Honor. He could still claim excessive force and still plead guilty. Your Honor, there are circumstances when that could be possible. What we're talking here is one, I mean, it's taken us longer, it means longer to articulate this than it did for it to happen, where he, the officer pulled the trigger, whether pointed or not. There's no question that under qualified immunity that he was entitled to respond to the pointing of the gun. And, Your Honor, there's no case that would place beyond debate the fact that he continued to fire until the suspect of a violent crime was under control was excessive. Under these particular circumstances, to use the Supreme Court's terminology, but we do think that, heck. You think the facts are undisputed that he stopped firing, as it were, or whoever else was, at the time he was under control, by the time they got him under control. When he went back in the car the same time, they stopped firing. And there's no evidence whatsoever that anybody other than Officer Kirk fired his weapon at the scene. All ten casings were originally found by the Alabama Bureau of Investigation have come from his Glock service weapon. And the aspect of the record to which he's referring was not a skilled diagram. Your argument is there's nobody else fired in the record. Is that undisputed? Is that it? What he's pointing to is something that was drawn by plaintiff's prior counsel. I understand. We have your case. Your time has run. The red light is on. Thank you, gentlemen. Thank you. Williams versus Alabama State. Thank you. All right, we'll just take one second, if you don't mind. Thank you. Yes.